IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON JORDAN, | CASE NO. 2:04-cv-899 |
| | JUDGE MARBLEY |
| Petitioner, | MAGISTRATE JUDGE KEMP |
| v. | |
| JEFFREY WOLFE, Warden, | |
| Respondent. | |

**OPINION AND ORDER**

On September 11, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus conditionally be granted on claim four, in which petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), that petitioner's sentence be vacated, and that the State re-sentence petitioner within sixty (60) days or release him; the Magistrate Judge further recommended that the remainder of petitioner's pending claims, *i.e.*, claims five through nine, be dismissed.  Claims one through three previously were dismissed on December 6, 2005.  *See* Doc. No. 21.

Although the parties were explicitly advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, petitioner has not filed any objections to the *Report and Recommendation*.  Respondent objects solely to the Magistrate Judge's recommendation that the petition for a writ of habeas corpus conditionally be granted on petitioner's claim that his sentence violates *Blakely.  See Respondent's Objections*, Doc. No. 45.

For the reasons that follow, respondent's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  Claims five through nine hereby are

**DISMISSED** without objections. The petition for a writ of habeas corpus conditionally is **GRANTED** on claim four, in which petitioner asserts that his sentence violates *Blakely.* Petitioner's sentence is **VACATED**. The State must re-sentence him within sixty (60) days or release him.

Respondent again raises all of the same arguments he previously presented in contending that the Court should dismiss petitioner's *Blakely* claim. Respondent argues that the state appellate court's decision denying the *Blakely* claim, even if erroneous, was not unreasonable so as to justify federal habeas corpus relief under 28 U.S.C. §2254(d) because courts were uncertain how *Blakely* applied to state and federal sentencing schemes, because the Ohio Court of Appeals made a "thoughtful and reasoned decision," *Objections*, at 7, in rejecting petitioner's claim, and because the Ohio Supreme Court did not decide in *State v. Foster,* 109 Ohio St.3d 1 (2006), that the portion of Ohio's sentencing scheme at issue violated *Blakely* until petitioner's sentence already had been affirmed by the state courts. Respondent also again argues that any *Blakely* error was harmless, in any event, under *Washington v. Recuenco*, 547 U.S. 150 (2006), because Ohio's pre-Foster sentencing scheme benefitted criminal defendants by requiring certain findings to be made prior to imposition of non-minimum, maximum, or consecutive sentences, and upon remand the trial judge may impose in its discretion any sentence within the statutory authorized range. *Objections,* at 14-15. Finally, respondent argues that any *Blakely* error is harmless because petitioner has not shown any evidence indicating that the trial judge will not simply re-impose the same sentence upon a remand in this case. *Id.*, at 15-16.

This Court is not persuaded by respondent's arguments. Neither *United States v. Paxton*, 422 F.3d 1203, 1207 (10th cir. 2005), nor *United States v. Dowell*, 430 F.3d 1100, 1113 (10th Cir. 2005), referred to by respondent in support of his argument that the *Blakely* error is harmless, are

analogous to this case. Both of the foregoing cases involved "nonconstitutional" sentencing error by the District Court in imposing a sentence under the then mandatory United States Sentencing Guidelines, *see United States v. Dowell, supra*, 430 F.3d at 1112, prior to the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 234, 245 (2005)(severing and excising the portion of the federal sentencing statutes making the Guidelines mandatory), not a constitutional error involving judicial fact finding, such as occurred in this case. *See id.* To adopt respondent's argument here would, in essence, be to find that all, or almost all, violations of *Blakely* by the Ohio courts cannot be redressed either on appeal or in the habeas corpus context simply because the trial judge might choose to re-impose the same sentence. The Court simply cannot accept that proposition. Petitioner is entitled to a sentencing proceeding that is not infected with constitutional error, and he should not have the burden of persuading the Court that the ultimate outcome of a constitutional sentencing proceeding would be different.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation*. This Court has carefully reviewed the entire record, and all of the arguments presented by respondent. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, respondent's arguments are not well taken. Respondent's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Claims five through nine are **DISMISSED** without objection. The petition for a writ of habeas corpus conditionally is **GRANTED** on claim four, in which petitioner asserts that his sentence violates *Blakely*. Petitioner's sentence is **VACATED**. The State must re-sentence him within sixty (60) days or release him.

**IT IS SO ORDERED.**

                                                           s/Algenon L. Marbley
                                                           ALGENON L. MARBLEY
                                                           United States District Judge